**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EHAB ALLABABIDI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 26 C 6738** |
| | ) | |
| **NICHOLAS SHEPHERD, MARISA** | ) | |
| **CERVANTES, DESTINY LEE,** | ) | |
| **MARGARET FONTANA, LAKE** | ) | |
| **COUNTY, and COOK COUNTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER DISMISSING COMPLAINT ON INITIAL REVIEW

Ehab Allababidi has filed a *pro se* lawsuit against a Lake County prosecutor (Nicholas Shepherd), three Lake or Cook County probation officers (Marisa Cervantes, Destiny Lee, and Margaret Fontana), Lake County, and Cook County. Allababidi has also filed a motion asking to proceed *in forma pauperis*, that is, without prepaying the usual filing fee. The Court grants that motion because Allababidi has adequately shown that he cannot afford the filing fee at this time. The Court has also reviewed Allababidi's complaint under 28 U.S.C. § 1915(e)(2) to determine if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from defendants who are immune from suit.

The first issue for the Court is, what to review? Allababidi initiated this lawsuit by filing a complaint (dkt. 1), but he has also made no less than ten separate post-complaint filings purporting to address the merits of his claims in one way or another. *See* Dkt. 5, 6, 9, 10, 11, 12, 13, 14, 15, and 16. He made these filings without seeking leave of court and without amending his complaint. If Allababidi had asked for leave to

file these submissions to supplement his complaint, the Court would have denied that request:  a plaintiff is of course required to file a complaint to start a lawsuit, but he is not entitled to bombard the Court with supplemental filings to add on to his complaint. That aside, the Rules require a complaint to include "*a* short and plain statement" of the grounds for jurisdiction and of the claim, *see* Fed. R. Civ. P. 8(a)(1)-(2), not a series of separate filings from which the Court has to piece together what the party is alleging. For these reasons, the Court will confine its review under 28 U.S.C. § 1915(e)(2) to the document entitled "complaint" by which Allababidi commenced his lawsuit, not the ten later filings he made.  The Court hereby, at its own instance, strikes those separate filings because they were made without leave of court.  (The Court also notes that any contention that the Court should have to consider all eleven filings would fail at the starting line, as the amalgam could not possibly satisfy Rule 8(a)'s "short and plain statement" requirement.)

On to the review of Allababidi's complaint (dkt. 1).  Not counting the attached exhibits, it is 22 pages long.  Allababidi alleges a "coordinated, multi-agency conspiracy to incarcerate a federal civil rights litigant eight days before his federal habeas deadline."  Dkt. 1 at 3.  He contends that the defendants' goal was to prevent him from making a timely filing in a federal habeas corpus case that he had pending in this district.

Allababidi alleges that he resides in Chicago, but evidently he was on probation in Lake County.  A petition to revoke his Lake County probation was filed on May 14, 2026.  *See id.* ¶ 30.  Allababidi's claims in the present lawsuit largely arise from this event and its aftermath.

2

The petition for revocation of probation alleged that Allababidi had tested positive for amphetamine, allegedly an illegal substance, in violation of the terms of his probation. *Id.* ¶ 15. Allababidi alleges this allegation was false and that the substance involved was Adderall, for which he had a lawful prescription—and he says that a probation officer in Cook County confirmed this. *Id.* Allababidi also appears to allege that the mailing of the revocation petition to him was deliberately delayed, so he did not receive it until May 21. *Id.* ¶ 17. He says that the following day, he sent Lake County assistant state's attorney Shepherd and other defendants something he calls a "Notice of Mandatory Litigation Hold" in which he "specifically demanded," among other things, that they "immediately cease all retaliatory enforcement actions pending federal adjudication." *Id.* ¶ 23. Then on the early morning of May 28, two hours before the scheduled hearing on the probation revocation petition, he sent Shepherd and two of the probation officer defendants something he calls an "Emergency Special Appearance and formal Notice of Fraud," in which he says he "warned" them, among other things, "that issuing a warrant would constitute participation in a federal witness tampering conspiracy." *Id.* ¶ 24. Allababidi also alleges that someone—he doesn't specifically allege who—had executed in January 2026 what he calls a "mobility kill," severing a belt on his mother's motor vehicle, which she was using to drive him to court due to the revocation of his driver's license, thereby depriving him of transportation. *Id.* ¶ 21. The Court assumes from this that Allababidi is saying that he was unable to appear in court on May 28 on the petition for revocation.

That same day, May 28, a Lake County judge issued a no-bond bench warrant for Allababidi's arrest. Allababidi contends that the warrant was "issued without a

probable cause hearing, without taking testimony, and without any adjudication of the merits," Compl. ¶ 26, but the Court notes that none of that is required to issue a warrant. A probable cause *determination* is required, but it doesn't have to be a hearing, it doesn't require live testimony, and by definition it isn't an adjudication of the merits of the underlying dispute. Allababidi alleges that defendant Cervantes, a probation officer, sent him a communication urging him to "turn [him]self in to the Lake County Jail," claiming that Allababidi had not appeared in court on May 28 and advising him that a warrant for his arrest had been issued. *Id.* ¶ 27.

As indicated earlier, Allababidi links all of this to a deadline he was facing in a pending federal habeas corpus case. He contends that the defendants were involved in a conspiracy to prevent him from making a timely filing in that case, which he says was due on June 5. Specifically, he alleges that the defendants "conspired to physically incarcerate Plaintiff on May 28 to moot the federal court's jurisdiction before the federal clock expired." *Id.* ¶ 29.

Allababidi asserts six claims for relief, all under 42 U.S.C. § 1983. In count 1, asserted against all of the defendants, he alleges that they filed the probation revocation petition with knowingly false contentions, and obtained the warrant, in retaliation for his filing of two federal habeas corpus petitions and a civil RICO case. He alleges that this violated his First Amendment rights. In count 2, Allababidi alleges that defendant Shepherd violated his due process rights by filing the revocation petition and obtaining a warrant based on false contentions. In count 3, he alleges that Shepherd and Cervantes violated his due process rights by committing malicious prosecution in connection with the probation revocation petition and warrant. In count 4, Allababidi

4

asserts a claim of "supervisory liability" against defendant Fontana for the conduct of her probation office subordinates. In count 5, he asserts a claim against all the defendants for conspiracy to violate his rights. And in count 6, he asserts a claim against Lake County and Cook County under *Monell*, alleging failure to supervise and a custom of retaliatory conduct.

There are numerous problems with Allababidi's claims, but for present purposes the Court will focus on one of them: immunity from suit. Beginning with Cervantes, Lee, and Fontana, probation and parole officials are entitled to absolute immunity from suit for actions associated with the decision to revoke probation or parole, or the issuance of an arrest warrant. *See, e.g., Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005). Allababidi has sued these defendants for actions connected with their involvement in the petition to revoke his probation. They are immune from suit under section 1983 for these actions. *See, e.g., Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018).

The same is true of prosecutor Shepherd. "Prosecutors are absolutely immune from liability for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process." *Martin v. Goldsmith*, 163 F.4th 1046, 1056 (7th Cir. 2025) (internal quotation marks omitted). Thus prosecutors are absolutely immune from liability for filing charges, making incorrect arguments to a court, and presenting false evidence. *Id.* And with specific reference to the present context, a prosecutor is absolutely immune from suit for actions taken in initiating a probation revocation proceeding. *See Tobey*, 890 F.3d at 650 (citing *Hamilton v. Daley*, 777 F.2d 1207, 1213 (7th Cir. 1985)). This is so even if

5

the prosecutor is alleged to have presented false evidence. *See Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016); *see also, e.g., Shachter v. City of Chicago*, 848 F. App'x 208, 210 (7th Cir. 2021).

Finally, as for Lake County and Cook County, Allababidi has not plausibly alleged a policy or custom of constitutional violations on the part of either entity that was the moving force behind the constitutional violations he asserts against the individual officers. Liability of a governmental entity like the counties must be based on the actions of the county itself; a governmental entity does not face *respondeat superior* for the conduct of its agents. *See, e.g., Flores v. City of S. Bend*, 997 F.3d 725, 731 (7th Cir. 2021). Allababidi's factual allegations in this regard are confined to the incident alleged here; any allegations of a broader policy or custom are conclusory and unsupported.

### Conclusion

The Court grants plaintiff's application to proceed *in forma pauperis* [dkt. 3] and denies his motion for attorney representation [dkt. 7] because he has not shown a sufficient basis for appointing counsel at this early stage of the case. For the reasons stated above, the Court dismisses plaintiff's complaint under 28 U.S.C. §1915(e)(2) based on absolute immunity and for failure to state a claim. Unless plaintiff files, by July 20, 2026, a motion for leave to amend attaching a proposed amended complaint with at least one viable claim over which the Court has jurisdiction, the Court will enter judgment against him.

Date:  July 6, 2026

MATTHEW F. KENNELLY
United States District Judge